UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IPVX PATENT HOLDINGS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ORACLE CORPORATION, a Delaware corporation, <br><br> Defendant. | CASE NO.  6:11-cv-00556-LED <br><br> **JURY TRIAL DEMANDED** |

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

On October 25, 2011 then plaintiff Klausner Technologies, Inc. ("Klausner") brought the initial Complaint for Patent Infringement in this action against Defendant Oracle Corporation ("Defendant") alleging that Defendant had infringed United States Patent No. 5,572,576 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the "'576 Patent"). On May 17, 2012, Klausner assigned to IPVX Patent Holdings, Inc. ("IPVX") all right, title and interest in, inter alia, the patent-in-suit, i.e., the '576 Patent, including the right to enforce the '576 Patent and to recover for past infringement as to the Defendant in this lawsuit. On June 6, 2012, the Court ordered that Plaintiff IPVX be substituted for Klauser Technologies as plaintiff in this action. On September 10, 2012, the Court also ordered Plaintiff to file an amended complaint

By this First Amended Complaint, Plaintiff IPVX sues Defendant and on information and belief, alleges as follows:

### Introduction

1. Plaintiff IPVX owns the inventions described and claimed in the '576 Patent and Defendant (a) has used Plaintiff's patented technology in products that it made, used, sold, and offered to sell, without Plaintiff's authorization, and (b) has contributed to or induced others to infringe the '576 Patent. Plaintiff IPVX seeks damages for patent infringement.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1338(a).

3. Venue is proper in this Court because the Defendant is responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and has delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff IPVX

4. Plaintiff IPVX is a corporation existing under and by virtue of the laws of the State of Delaware.

### The '576 Patent

5. The United States Patent and Trademark Office issued the '576 Patent on November 5, 1996. A copy of the '576 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringement, in the '576 Patent.

**Defendant Oracle Corporation**

6.      Upon information and belief, Oracle Corporation is a Delaware corporation having its principal place of business in Redwood Shores, California.

**First Claim for Patent Infringement ('576 Patent)**

7.      On or about November 5, 1996, the '576 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

8.      Plaintiff IPVX is the owner of the '576 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past damages, including those damages accruing from the date of the filing of the initial Complaint.

9.      The '576 Patent relates to what is known in the telecommunications and related industries as "visual voicemail", i.e., the "<u>visual</u> identification of callers' identities and selective access to their linked recorded <u>voice messages</u>." '576 Patent at Col. 2 (Summary of Invention).

10.     The '576 Patent and its previous assignee Klausner Patent Technologies have been virtually synonymous with "visual voicemail" functionality since the time when this feature rapidly entered the marketplace. At least as early as 2007, visual voicemail became widely publicized as a feature of Apple's first iPhone. Coinciding with Apple's release of its first iPhone, Klausner's patent infringement suit against Apple and AT&T asserting the '576 Patent was heavily publicized, especially in publications directed toward telecommunications and related industries, including without limitation, VoIP Monitor, Reuters, PC World, TMCnet, and The Register. The identification of Klausner and its '576 Patent with visual voicemail


capabilities is so widespread that it is included with the Wikipedia encyclopedia entry for the term "visual voicemail" available at http://en.wikipedia.org/wiki/Visual_voicemail.  Since as early as September 18, 2009, Klausner and its '576 Patent were referenced in the Wikipedia encyclopedia entry for visual voicemail when the entry stated that "The patent for Visual Voicemail is owned by Klausner Technologies, Inc." *See* Wikipedia Archive available at http://en.wikipedia.org/w/index.php?title=Visual_voicemail&oldid=314720314 .

11. The patent infringement suit against Apple and AT&T was preceded by several other articles that were widely distributed across the telecommunications industry which publicized infringement suits, licenses, and settlements relating to the '576 Patent, involving visual voicemail offerings by Time Warner AOL and Vonage Holdings.  Klausner has also filed highly publicized suits for infringement of the '576 Patent against others in the industry, including wireless services providers, mobile phone manufacturers, cable/VOIP providers, and other companies that offer visual voicemail services, such as Verizon, Cablevision, Google, Comcast, HTC Corporation, LG Electronics, Citrix, Panasonic, Avaya, Yahoo, Cisco, NEC, Siemens, Alcatel-Lucent, and Samsung.

12. Upon information and belief, those companies involved in offering voicemail products at the time of Apple's release of its first iPhone and popularization of visual voicemail capability knew about Klausner and its '576 Patent.

13. Upon information and belief, Defendant has been active in the telecommunications and related industries since at least as early as 2007.

14. Upon information and belief, Defendant was aware of the release of Apple's iPhone and its visual voicemail feature.

15. Upon information and belief, Defendant was aware of visual voicemail features offered by Defendant's competitors.

16. Upon information and belief, Defendant was aware of the fact that others who offered products with visual voicemail capabilities were sued by Klausner for infringement of the '576 Patent.

17. Upon information and belief, Defendant was aware that others in the telecommunications and related industries offering products with visual voicemail capabilities settled infringement suits with Klausner.

18. Defendant has infringed, contributed to the infringement of, and induced others to infringe the '576 Patent through the expiration date of the '576 patent.

19. Defendant has infringed, contributed to the infringement of, and induced others to infringe the '576 Patent by manufacturing, using, selling, offering for sale or by using the method(s) claimed in the '576 Patent in conjunction with, or by contributing to or inducing others to manufacture, use, sell, offer to sale, or use the method(s) claimed in the '576 Patent in conjunction with voicemail products with visual voicemail capabilities, including Oracle Voicemail & Fax 10g, Oracle Collaboration Suite 10g Mail, Oracle Connector for Outlook, Oracle Beehive Voicemail, the Oracle Web Client, Oracle Collaboration Suite, and other products and systems with similar functionality (hereinafter "Oracle Voicemail Products").

20. Defendant infringed the Patents by manufacturing, using, selling, offering for sale or by using the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products, by contributing to the manufacture, use, sale, offer for sale, or use of the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products by others, including Defendant's customers, and inducing others, including Defendant's

customers to infringe by manufacturing, using, selling, offering to sell or by using the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products.

21. The manufacture, use, sale, or offer to sell the Oracle Voicemail Products, or use of the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products by Defendant and others, including Defendant's customers, infringes the '576 Patent because, upon information and belief, the Oracle Voicemail Products contain visual voicemail capabilities or features that make voicemails accessible via e-mail boxes and/or through remote devices such as a computer, telephone, or Personal Digital Assistant (PDA).

22. Upon information and belief, users of Defendant's Oracle Voicemail Products have used the method(s) claimed in the '576 Patent and infringed at least claim 3 of the '576 Patent.  Upon information and belief, Defendant has induced such users of Defendant's Oracle Voicemail Products to use the method(s) claimed in the '576 Patent and infringed at least claim 3 of the '576 Patent.  Specifically, upon information and belief, Defendant's marketing materials identify users of the Oracle Voicemail Products that Defendant has induced to use the method(s) claimed in the '576 Patent and infringe at least claim 3 of the '576 Patent. For example, upon information and belief, Defendant's marketing materials identify customers who were induced to infringe and did infringe at least claim 3 of the '576 Patent. More particularly, for example, Defendant's marketing materials state that "[o]ver 250 colleges use Oracle Collaboration Suite . . ." and that the suite includes Oracle Voicemail's key feature which is visual voicemail.

23. Defendant had actual knowledge of the '576 Patent at least as of the date that it was served with the initial Complaint in this action.

24. Upon information and belief, Defendant had actual knowledge of the '576 Patent before the filing of the Complaint in this action. Specifically, upon information and belief Defendant was aware of visual voicemail technology and, as a result of the association of Klausner and the '576 Patent with visual voicemail technology, was also aware of the '576 Patent when Defendant incorporated the visual voicemail features into the Oracle Voicemail Products and induced its customers to use such features. Defendant therefore knew that use of the Oracle Voicemail Products by Defendant's customers infringed the '576 Patent and by offering and encouraging users to use the Oracle Voicemail Products, Defendant intended that the users of the Oracle Voicemail Products infringe the '576 Patent.

25. Upon information and belief, Defendant has also induced customers and users of the Oracle Voicemail Products, particularly users of the visual voicemail features, to infringe the '576 Patent by promoting and instructing users to use the capability of retrieving voicemails using the visual voicemail feature of the Oracle Voicemail Products. Defendant touts its Oracle Voicemail & Fax as a voicemail system that incorporates the visual voicemail feature that enables users to access their voicemail via email and that "provides greater flexibility than other phone answering systems and increased productivity." Defendant instructs users to "listen to your voicemail messages from your e-mail application" and then lists steps for users to follow. Defendant promotes the integration of voicemail and email coupled with the ability to access voicemail via a wide range of remote access devices including computers, web browsers and wireless devices, including telephones and PDAs.

26. Upon information and belief, Defendant advertised at least its Oracle Voicemail & Fax product in a manner that demonstrated at least that the Oracle Voicemail & Fax product provides a telephone answering device with a memory that is coupled to a

telephone for automatically answering telephone calls, as well as storing and retrieving information related to the telephone calls, wherein calls come into a private branch exchange ("PBX") which hands off calls to a Voicemail & Fax server and messages are stored and retrieved from the Oracle Collaboration Suite Database; that the Oracle Voicemail & Fax product receives first signals in the form of, for example, the caller's name or telephone number for each incoming call and then displays the name or telephone number for the voicemail in, for example, the "To" field of an e-mail message; that the Oracle Voicemail & Fax product receives and stores voice messages in its memory at least using the Oracle Collaboration Suite Database, and then attaches those incoming voice messages to, for example, an e-mail message as a WAV file; that the Oracle Voicemail & Fax product links each of said received first signals with a corresponding voice message by displaying the name or telephone number for each voice message in the "To" field of an e-mail message, and attaching the corresponding voice message as a WAV file to the same e-mail message; that the Oracle Voicemail & Fax product transmits received first signals to a user remote access device in the form of the caller's name or telephone number, which is transmitted in the "To" field of each e-mail message allowing an e-mail message to be viewed on a variety of remote devices such as a computer, a phone, or a PDA and allowing the first signals to be used as assistance in selectively retrieving voice messages; and that the Oracle Voicemail & Fax product transmits a specific voice message which is linked to the specific received first signal in the form of the caller's name or telephone number that is included in the "To" field of each e-mail message, the specific voice message being transmitted to a user remote access device, such as a computer, phone or PDA in response to a selection of the stored voice message, which is attached to an e-mail message as a WAV file.

27. Upon information and belief, Defendant also contributed to the infringement of the '576 Patent by providing its customers with the infringing visual voicemail feature as part of its Oracle Voicemail Products when such visual voicemail feature had no substantial non-infringing use.

28. Plaintiff has been damaged by Defendant's infringement of the '576 Patent and has suffer additional irreparable damage and impairment of the value of its patents rights due to Defendant's infringement of the Patent, including due to Defendant's continued infringement of the Patent after the filing of the initial Complaint in this action.

29. Plaintiff demands trial by jury of all issues so triable.

WHEREFORE, Plaintiff prays for judgment as follows:

A. Compensatory damages awarding Plaintiff damages caused by Defendant's infringement of the '576 Patent;

B. For costs of suit and attorneys fees;

C. For pre-judgment interest; and

D. For such other relief as justice requires.

Dated: September 24, 2012                           Respectfully submitted,

                                            By:    /s/ S. Calvin Capshaw

                                                   S. Calvin Capshaw, III
                                                   State Bar No. 03783900
                                                   Email:  ccapshaw@capshawlaw.com
                                                   Elizabeth L. DeRieux
                                                   State Bar No. 05770585
                                                   Email:  ederieux@capshawlaw.com
                                                   D. Jeffrey Rambin
                                                   State Bar No. 00791478
                                                   Email:  jrambin@capshawlaw.com
                                                   **CAPSHAW DERIEUX, LLP**
                                                   114 E. Commerce Ave.
                                                   Gladewater, Texas 75647
                                                   Telephone: (903)-233-9800
                                                   Facsimile: (903)-236-8787

OF COUNSEL:

Pierre R. Yanney
State Bar No. 033391993
Email: pyanney@stroock.com
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, N.Y. 10038
Tel: (212) 806-5400
Fax: (212) 806-6006

                                                   ATTORNEYS FOR PLAINTIFF,
                                                   IPVX PATENT HOLDINGS, INC.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document this 24th day of September, 2012, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                           /s/ S. Calvin Capshaw