# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| IPVX PATENT HOLDINGS, INC., | |
| Plaintiff | Civil Action No. 6:11-cv-556 (LED) |
| v. | |
| ORACLE CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## DEFENDANT ORACLE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Oracle Corporation ("Oracle" or "Defendant") hereby submits its Answer to Plaintiff IPVX Patent Holdings, Inc.'s ("IPVX") First Amended Complaint for Patent Infringement ("Complaint") as follows:

Answer to Introductory Paragraph:

No response is required with respect to the allegations incorporated in Plaintiff's introductory paragraph. To the extent any response is required to those allegations, they are denied.

Complaint Paragraph 1: Plaintiff IPVX owns the inventions described and claimed in the '576 Patent and Defendant (a) has used Plaintiff's patented technology in products that it made, used, sold, and offered to sell, without Plaintiff's authorization, and (b) has contributed to or induced others to infringe the '576 Patent. Plaintiff IPVX seeks damages for patent infringement.

Answer to Complaint Paragraph 1:

Oracle denies the allegations in paragraph 1 with respect to Oracle. Oracle lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 1 of IPVX's Complaint and therefore denies them.

## JURISDICTION AND VENUE

Complaint Paragraph 2: This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1338(a).

Answer to Complaint Paragraph 2:

Oracle admits that this action arises under the patent laws of the United States and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Oracle denies any liability thereunder. Oracle further denies that it has committed acts of patent infringement in this or any other district.

Complaint Paragraph 3: Venue is proper in this Court because the Defendant is responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and has delivered or caused to be delivered its infringing products in the Eastern District of Texas.

Answer to Complaint Paragraph 3:

Oracle denies that it has committed and/or induced acts of patent infringement in this or any other district.

## PLAINTIFF IPVX

Complaint Paragraph 4: Plaintiff IPVX is a corporation existing under and by virtue of the laws of the State of Delaware.

Answer to Complaint Paragraph 4:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies them.

## THE '576 PATENT

Complaint Paragraph 5: The United States Patent and Trademark Office issued the '576 Patent on November 5, 1996. A copy of the '576 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringement, in the '576 Patent.

Answer to Complaint Paragraph 5:

Oracle admits that U.S. Patent No. 5,572,576 , appears on its face to have been issued on November 5, 1996. Oracle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint, and therefore denies them.

## DEFENDANT ORACLE CORPORATION

Complaint Paragraph 6: Upon information and belief, Oracle Corporation is a Delaware corporation having its principal place of business in Redwood Shores, California.

Answer to Complaint Paragraph 6:

Oracle admits the allegations in paragraph 6 of the Complaint.

## FIRST CLAIM FOR PATENT INFRINGEMENT ('576 PATENT)

Complaint Paragraph 7: On or about November 5, 1996, the '576 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

Answer to Complaint Paragraph 7:

Oracle admits that U.S. Patent No. 5,572,576 , entitled "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," appears on its face to have been issued on November 5, 1996. Oracle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

Complaint Paragraph 8: Plaintiff IPVX is the owner of the '576 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past damages, including those damages accruing from the date of the filing of the initial Complaint.

Answer to Complaint Paragraph 8:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

Complaint Paragraph 9: The '576 Patent relates to what is known in the telecommunications and related industries as "visual voicemail", i.e., the "visual identification of callers' identities and selective access to their linked recorded voice messages." '576 Patent at Col. 2 (Summary of Invention).

Answer to Complaint Paragraph 9:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

Complaint Paragraph 10: The '576 Patent and its previous assignee Klausner Patent Technologies have been virtually synonymous with "visual voicemail" functionality since the time when this feature rapidly entered the marketplace. At least as early as 2007, visual

voicemail became widely publicized as a feature of Apple's first iPhone. Coinciding with Apple's release of its first iPhone, Klausner's patent infringement suit against Apple and AT&T asserting the '576 Patent was heavily publicized, especially in publications directed toward telecommunications and related industries, including without limitation, VoIP Monitor, Reuters, PC World, TMCnet, and The Register. The identification of Klausner and its '576 Patent with visual voicemail capabilities is so widespread that it is included with the Wikipedia encyclopedia entry for the term "visual voicemail" available at http://en.wikipedia.org/wiki/Visual_voicemail. Since as early as September 18, 2009, Klausner and its '576 Patent were referenced in the Wikipedia encyclopedia entry for visual voicemail when the entry stated that "The patent for Visual Voicemail is owned by Klausner Technologies, Inc." *See* Wikipedia Archive available at http://en.wikipedia.org/w/index.php?title=Visual_voicemail&oldid=314720314 .

Answer to Complaint Paragraph 10:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

Complaint Paragraph 11: The patent infringement suit against Apple and AT&T was preceded by several other articles that were widely distributed across the telecommunications industry which publicized infringement suits, licenses, and settlements relating to the '576 Patent, involving visual voicemail offerings by Time Warner AOL and Vonage Holdings. Klausner has also filed highly publicized suits for infringement of the '576 Patent against others in the industry, including wireless services providers, mobile phone manufacturers, cable/VOIP providers, and other companies that offer visual voicemail services, such as Verizon, Cablevision, Google, Comcast, HTC Corporation, LG Electronics, Citrix, Panasonic, Avaya, Yahoo, Cisco, NEC, Siemens, Alcatel-Lucent, and Samsung.

Answer to Complaint Paragraph 11:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

Complaint Paragraph 12: Upon information and belief, those companies involved in offering voicemail products at the time of Apple's release of its first iPhone and popularization of visual voicemail capability knew about Klausner and its '576 Patent.

Answer to Complaint Paragraph 12:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

Complaint Paragraph 13: Upon information and belief, Defendant has been active in the telecommunications and related industries since at least as early as 2007.

Answer to Complaint Paragraph 13:

Oracle Communications is an Oracle business group that has worked with service and network equipment providers to optimize business processes, network, IT systems, and supply chains since 2007.

Complaint Paragraph 14: Upon information and belief, Defendant was aware of the release of Apple's iPhone and its visual voicemail feature.

Answer to Complaint Paragraph 14:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

Complaint Paragraph 15: Upon information and belief, Defendant was aware of visual voicemail features offered by Defendant's competitors.

Answer to Complaint Paragraph 15:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

Complaint Paragraph 16: Upon information and belief, Defendant was aware of the fact that others who offered products with visual voicemail capabilities were sued by Klausner for infringement of the '576 Patent.

Answer to Complaint Paragraph 16:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

Complaint Paragraph 17: Upon information and belief, Defendant was aware that others in the telecommunications and related industries offering products with visual voicemail capabilities settled infringement suits with Klausner.

Answer to Complaint Paragraph 17:

Oracle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

Complaint Paragraph 18: Defendant has infringed, contributed to the infringement of, and induced others to infringe the '576 Patent through the expiration date of the '576 patent.

Answer to Complaint Paragraph 18:

Denied.

Complaint Paragraph 19: Defendant has infringed, contributed to the infringement of, and induced others to infringe the '576 Patent by manufacturing, using, selling, offering for sale or by using the method(s) claimed in the '576 Patent in conjunction with, or by contributing to or inducing others to manufacture, use, sell, offer to sale, or use the method(s) claimed in the '576

Patent in conjunction with voicemail products with visual voicemail capabilities, including Oracle Voicemail & Fax 10g, Oracle Collaboration Suite 10g Mail, Oracle Connector for Outlook, Oracle Beehive Voicemail, the Oracle Web Client, Oracle Collaboration Suite, and other products and systems with similar functionality (hereinafter "Oracle Voicemail Products").

Answer to Complaint Paragraph 19:

Denied.

Complaint Paragraph 20:  Defendant infringed the Patents by manufacturing, using, selling, offering for sale or by using the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products, by contributing to the manufacture, use, sale, offer for sale, or use of the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products by others, including Defendant's customers, and inducing others, including Defendant's customers to infringe by manufacturing, using, selling, offering to sell or by using the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products.

Answer to Complaint Paragraph 20:

Denied.

Complaint Paragraph 21:  The manufacture, use, sale, or offer to sell the Oracle Voicemail Products, or use of the method(s) claimed in the '576 Patent in conjunction with the Oracle Voicemail Products by Defendant and others, including Defendant's customers, infringes the '576 Patent because, upon information and belief, the Oracle Voicemail Products contain visual voicemail capabilities or features that make voicemails accessible via e-mail boxes and/or through remote devices such as a computer, telephone, or Personal Digital Assistant (PDA).

Answer to Complaint Paragraph 21:

Denied.

Complaint Paragraph 22: Upon information and belief, users of Defendant's Oracle Voicemail Products have used the method(s) claimed in the '576 Patent and infringed at least claim 3 of the '576 Patent. Upon information and belief, Defendant has induced such users of Defendant's Oracle Voicemail Products to use the method(s) claimed in the '576 Patent and infringed at least claim 3 of the '576 Patent. Specifically, upon information and belief, Defendant's marketing materials identify users of the Oracle Voicemail Products that Defendant has induced to use the method(s) claimed in the '576 Patent and infringe at least claim 3 of the '576 Patent. For example, upon information and belief, Defendant's marketing materials identify customers who were induced to infringe and did infringe at least claim 3 of the '576 Patent. More particularly, for example, Defendant's marketing materials state that "[o]ver 250 colleges use Oracle Collaboration Suite . . ." and that the suite includes Oracle Voicemail's key feature which is visual voicemail.

Answer to Complaint Paragraph 22:

Oracle admits that it has issued a marketing document stating that "[o]ver 250 colleges use Oracle Collaboration Suite . . . ." Oracle denies the remaining allegations set forth in paragraph 22 of the Complaint.

Complaint Paragraph 23: Defendant had actual knowledge of the '576 Patent at least as of the date that it was served with the initial Complaint in this action.

Answer to Complaint Paragraph 23:

Oracle admits the allegations set forth in paragraph 23 of the Complaint.

Complaint Paragraph 24: Upon information and belief, Defendant had actual knowledge of the '576 Patent before the filing of the Complaint in this action. Specifically, upon information and belief Defendant was aware of visual voicemail technology and, as a result of

the association of Klausner and the '576 Patent with visual voicemail technology, was also aware of the '576 Patent when Defendant incorporated the visual voicemail features into the Oracle Voicemail Products and induced its customers to use such features. Defendant therefore knew that use of the Oracle Voicemail Products by Defendant's customers infringed the '576 Patent and by offering and encouraging users to use the Oracle Voicemail Products, Defendant intended that the users of the Oracle Voicemail Products infringe the '576 Patent.

Answer to Complaint Paragraph 24:

Denied.

Complaint Paragraph 25:  Upon information and belief, Defendant has also induced customers and users of the Oracle Voicemail Products, particularly users of the visual voicemail features, to infringe the '576 Patent by promoting and instructing users to use the capability of retrieving voicemails using the visual voicemail feature of the Oracle Voicemail Products. Defendant touts its Oracle Voicemail & Fax as a voicemail system that incorporates the visual voicemail feature that enables users to access their voicemail via email and that "provides greater flexibility than other phone answering systems and increased productivity."  Defendant instructs users to "listen to your voicemail messages from your e-mail application" and then lists steps for users to follow.  Defendant promotes the integration of voicemail and email coupled with the ability to access voicemail via a wide range of remote access devices including computers, web browsers and wireless devices, including telephones and PDAs.

Answer to Complaint Paragraph 25:

Oracle admits that it has issued documents that state "provides greater flexibility than other phone answering systems and increased productivity" and "listen to your voicemail

messages from your e-mail application." Oracle denies the remaining allegations set forth in paragraph 25 of the Complaint.

Complaint Paragraph 26: Upon information and belief, Defendant advertised at least its Oracle Voicemail & Fax product in a manner that demonstrated at least that the Oracle Voicemail & Fax product provides a telephone answering device with a memory that is coupled to a telephone for automatically answering telephone calls, as well as storing and retrieving information related to the telephone calls, wherein calls come into a private branch exchange ("PBX") which hands off calls to a Voicemail & Fax server and messages are stored and retrieved from the Oracle Collaboration Suite Database; that the Oracle Voicemail & Fax product receives first signals in the form of, for example, the caller's name or telephone number for each incoming call and then displays the name or telephone number for the voicemail in, for example, the "To" field of an e-mail message; that the Oracle Voicemail & Fax product receives and stores voice messages in its memory at least using the Oracle Collaboration Suite Database, and then attaches those incoming voice messages to, for example, an e-mail message as a WAV file; that the Oracle Voicemail & Fax product links each of said received first signals with a corresponding voice message by displaying the name or telephone number for each voice message in the "To" field of an e-mail message, and attaching the corresponding voice message as a WAV file to the same e-mail message; that the Oracle Voicemail & Fax product transmits received first signals to a user remote access device in the form of the caller's name or telephone number, which is transmitted in the "To" field of each e-mail message allowing an e-mail message to be viewed on a variety of remote devices such as a computer, a phone, or a PDA and allowing the first signals to be used as assistance in selectively retrieving voice messages; and that the Oracle Voicemail & Fax product transmits a specific voice message which is linked to

the specific received first signal in the form of the caller's name or telephone number that is included in the "To" field of each e-mail message, the specific voice message being transmitted to a user remote access device, such as a computer, phone or PDA in response to a selection of the stored voice message, which is attached to an e-mail message as a WAV file.

Answer to Complaint Paragraph 26:

Denied.

Complaint Paragraph 27: Upon information and belief, Defendant also contributed to the infringement of the '576 Patent by providing its customers with the infringing visual voicemail feature as part of its Oracle Voicemail Products when such visual voicemail feature had no substantial non-infringing use.

Answer to Complaint Paragraph 27:

Denied.

Complaint Paragraph 28: Plaintiff has been damaged by Defendant's infringement of the '576 Patent and has suffer additional irreparable damage and impairment of the value of its patents rights due to Defendant's infringement of the Patent, including due to Defendant's continued infringement of the Patent after the filing of the initial Complaint in this action.

Answer to Complaint Paragraph 28:

Denied.

Complaint Paragraph 29: Plaintiff demands trial by jury of all issues so triable.

Answer to Complaint Paragraph 29:

Oracle admits that Plaintiff purports to demand a jury trial.

## PRAYER FOR JUDGMENT

Oracle denies that Plaintiff is entitled to any relief requested in its Prayer for Judgment or any other relief.

## DEMAND FOR JURY TRIAL

Oracle admits that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity)

The '576 Patent does not meet the requirements of 35 U.S.C. § 101, et seq., and the '576 Patent therefore is invalid, void and unenforceable because it fails to meet the conditions specified in 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Third Affirmative Defense
### (Non-Infringement)

Oracle has not and does not infringe any valid claim of the '576 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

### Fourth Affirmative Defense
### (35 U.S.C. § 286)

Plaintiff's recovery for alleged infringement of the '576 Patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

**Fifth Affirmative Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by IPVX is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Sixth Affirmative Defense**
**(Reservation of Additional Defenses)**

Oracle reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

**Jury Demand**

Oracle demands trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Oracle prays for relief as follows:

(a) Dismissing IPVX's Amended Complaint with prejudice and ordering that IPVX is entitled to no recovery on the Complaint;

(b) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Oracle its attorney fees and full costs of suit; and

(c) Awarding Oracle such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Dated: October 12, 2012

By: */s/ John Guaragna*
JOHN M. GUARAGNA (Bar No. 24043308)
AARON FOUNTAIN (Bar No. 24050619)
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: (512) 457.7000
Fax: (512) 457.7001

MARK D. FOWLER (*pro hac vice*)
mark.fowler@dlapiper.com
ALAN A. LIMBACH (*pro hac vice*)
alan.limbach@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303
Tel: (650) 833.2000
Fax: (650) 833.2001

**Attorneys for Defendant**
**ORACLE CORPORATION**

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of October 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ John Guaragna*
John Guaragna